# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JAIME HERRERA, )<br>)<br>  Plaintiff, )<br>)    CAUSE NO. 3:06-CV-524 AS<br>v. )<br>)<br>E. BUSS AND D. MOORE, )<br>)<br>  Defendants. ) | |

### *OPINION AND ORDER*

Jaime Herrera, a *pro se* prisoner, submitted a motion for a preliminary injunction. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

>acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Herrera alleges that he is in the process of internally appealing a C.A.B. determination of guilt. He alleges that his lawyer has tried unsuccessfully to visit him because the defendants have denied him admittance. There is no right to counsel during prison disciplinary proceedings. *U.S. v. Gouveia*, 467 U.S. 180 (1984). Therefore this allegation does not state a claim.

Mr. Herrera also alleges that he was not advised of his Miranda rights.

>The Constitution and laws of the United States do not guarantee plaintiff the right to *Miranda* warnings. They only guarantee him the right to be free from self-incrimination. The *Miranda* decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act § 1983.

*Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987) (brackets and citation omitted). So to, an inmate charged with a violation in prison, even a violation which may someday result in criminal prosecution, is not entitled to *Miranda* warnings. Though he may someday be able to have any statements made without

such warnings suppressed, the allegation that he did not receive *Miranda* warnings does not state a claim in a civil lawsuit.

Mr. Herrera alleges that he has not been told if the county prosecutor has been contacted by prison authorities concerning his case. This allegation does not state a claim because he simply has no right to such information.

For the foregoing reasons, Mr. Herrera's request for an injunction permitting him to meet with his attorney is **DENIED** and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**ENTERED: August 30 , 2006**

　　　　　　　　　　　　　　　　　**S/ ALLEN SHARP**
　　　　　　　　　　　　　　　　**ALLEN SHARP, JUDGE**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**